IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BRETT FORRESTER                                                    PLAINTIFF

v.                          Case No. 3:25-cv-00140-KGB

ENTERGY ARKANSAS, LLC, *et al.*                                  DEFENDANTS

## ORDER

Before the Court is plaintiff Brett Forrester's motion to remand (Dkt. No. 10).  Defendant

Entergy Arkansas, LLC ("Entergy") filed a response to plaintiff's motion to remand (Dkt. No. 12),

and Forrester filed a reply (Dkt. No. 13).  For the following reasons, the Court grants Forrester's

motion to remand to state court but denies his motion for attorney's fees and costs (Dkt. No. 10).

The Court also denies as moot Forrester's pending motion to stay (Dkt. No. 17).

### I.       Background

This case arises from an accident that occurred at a residential property located in Walnut

Ridge, Arkansas, in Lawrence County (Dkt. No. 2).  Entergy owned underground utility lines

located at or near the property, which was owned by defendants Barbara Gibbens and Jerry

Gibbens ("the Gibbens Defendants") (*Id.*).  The Gibbens Defendants contracted with Forrester to

build a fence on their property (*Id.*, ¶ 10).  Entergy is a member of 811 Arkansas's "Call Before

You Dig" program (hereinafter the "One Call Center") (*Id.*, ¶ 8).  Forrester called 811 before

beginning construction of the fence and was told that all utilities within the construction area were

marked by the utility service provider (*Id.*, ¶ 13).  When Forrester started digging within the

marked construction area, Forrester hit an unmarked underground electrical line owned by

Entergy, which sent high voltage into Forrester causing severe injury (*Id.*, ¶ 15).

In his complaint, Forrester alleges that the Gibbens Defendants owed him a duty of care as an invitee and that they were negligent for failing to mark underground electrical lines on the property, failing to warn him of the underground electrical lines, failing to exercise ordinary care under the circumstances, and "other acts of negligence" (*Id*., ¶¶ 18–19). Forrester asserts that the Gibbens Defendants' negligence proximately caused his injuries (*Id*., ¶ 20) and that he has suffered severe bodily injuries from the electrical shock (*Id*., ¶ 23).

Entergy removed the case to this Court (Dkt. No. 1). In their notice of removal, Entergy asserts that this Court has subject matter jurisdiction because the Gibbens Defendants were improperly joined to defeat diversity jurisdiction (Dkt. No. 1, ¶¶ 1, 12-22).[1] Entergy maintains that Forrester has not shown a connection between the defect and the Gibbens Defendants (*Id*., ¶ 19), and Entergy asserts that there is no evidence to show that the Gibbens Defendants created the defect, that the defect was known to the Gibbens Defendants, or that it was so apparent that a reasonable homeowner would have corrected it or warned Forrester (*Id*.).

Forrester now moves for remand to state court (Dkt. No. 10). Entergy has responded to the motion for remand (Dkt. No. 12). Forrester has replied (Dkt. No. 12).

## II.    Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a state law claim to federal court only if the action originally could have

---

[1] The parties use the phrase "fraudulent joinder" in their filings with the Court. *See Kansas State University v. Prince*, 673 F. Supp. 2d 1287, 1293–94 (D. Kan. 2009) (describing fraudulent joinder as "a term of art, which does not reflect on the integrity of plaintiff or counsel") (internal quotations omitted). Because the word "fraudulent" may carry a more negative connotation than is warranted, the Court will use the phrase "improper joinder" in this Order. This phrase also has the benefit of being more consistent with the statutory language than the phrase "fraudulent joinder."

been filed there.  *See* 28 U.S.C. § 1441(a); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  The removing defendant bears the burden of showing, by a preponderance of the evidence, that federal jurisdiction exists and that removal was proper.  *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005).  Because removal raises federalism concerns, any doubt as to the propriety of removal should be resolved in favor of remand to state court.  *See Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007); *Wilkinson v. Shackleford*, 478 F.3d 957, 963 (8th Cir. 2007).

For a party to remove a case to federal court based on diversity jurisdiction, the amount in controversy must exceed $75,000.00 and there must be complete diversity of citizenship between the parties.  *See* 28 U.S.C. § 1332(a).  "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (internal citation omitted).  Additionally, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b)(2).

If a plaintiff has improperly joined a non-diverse or in-state defendant, however, the citizenship of that defendant is disregarded for purposes of determining diversity.  *See Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) ("[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914))).  "The burden of persuasion on those who claim fraudulent joinder is a heavy one."  *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

3

"Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)); *see generally* 28 U.S.C. §§ 1441, 1446. "However, if there is a 'colorable' cause of action—that is, if the state law might impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (citing *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)). In predicting whether the state law might impose liability, the court "should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021) (quoting *Filla*, 336 F.3d at 811).

It is well-settled law that the motive for joining a resident defendant is immaterial. *See Williams v. Motel 6 Multipurpose, Inc.*, 120 F. Supp. 2d 776, 779 (E.D. Ark. 1998); *Barnes v. Sw. Bell Tel. Co.*, 596 F. Supp. 1046, 1049 (W.D. Ark. 1984); *see also Chi., R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913) (explaining that "the motive of the plaintiff, taken by itself, does not affect the right to remove," and that, "[i]f there is a joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert the right" (citing *Chi. B. & Q. Ry. Co. v. Willard*, 220 U.S. 413, 427 (1911), and *Ill. Cent. R. Co. v. Sheegog*, 215 U.S. 308, 316 (1909))).

### III.   Analysis

In his motion to remand to state court, Forrester argues that complete diversity does not exist because Forrester, like the Gibbens Defendants, is a resident of Arkansas (Dkt. No. 10, at 7–9). Entergy concedes that Forrester and the Gibbens Defendants are residents of Arkansas. Entergy contends that the Court should ignore the in-state and non-diverse citizenship of the

Gibbens Defendants because Entergy asserts that they were improperly joined for the sole purpose of defeating diversity (Dkt. No. 12, at 2–7). Forrester also expresses concern over the citizenship of one of the members of Entergy, Band & Co., stating that Band & Co.'s citizenship is unknown. Entergy responds that it is not certain where Band & Co. is a citizen, but its principal place of business is Wisconsin; Entergy has verified that Band & Co. is not incorporated in Arkansas (Dkt. No. 12, at 1).

The Court will assume, for purposes of this motion, that Band & Co is not a citizen of Arkansas and that its citizenship does not destroy diversity between Forrester and Entergy. With that assumption, the Court will begin its analysis into Forrester's complaint to determine if Forrester's claims against the Gibbens Defendants were improperly brought for the purpose of defeating complete diversity.

In his complaint, Forrester claims that the Gibbens Defendants owned the property on which they hired him to build a fence and that, despite Forrester's own statutory duty to have the line located by calling the One Call Center before digging on the property, the Gibbens Defendants owed Forrester a duty to mark the line and to warn him about Entergy's electrical line that was buried on their property (Dkt. No. 2, ¶¶ 6, 10, 18–19). Forrester claims that, as a direct and proximate result of the Gibbens Defendants' negligence, Forrester suffered severe bodily injuries (*Id.*, ¶ 23).

"Fraudulent joinder is an exception to the complete diversity rule." *Johnson v. Midwest Division-RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2012). The standard, as set forth above, is whether Forrester arguably has a reasonable basis to impose liability under Arkansas law. *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 811 (8th Cir. 2003). The parties agree that, because Forrester was invited onto the Gibbens Defendants' property to construct a fence, Forrester was an invitee for purposes

of premises liability (Dkt. Nos. 10, at 8; 12, at 5).  Entergy asserts that the Gibbens Defendants did

not owe Forrester a duty of care and that, therefore, the Gibbens Defendants cannot be liable for

Forrester's injuries.   Entergy maintains that, as a result, Forrester's joinder of the Gibbens

Defendants is improper, but this position is inconsistent with Arkansas law as articulated in

Arkansas Model Jury Instruction, Civil 1107, regarding premises liability.   The instruction

provides:

> An invitee is a person who goes upon the premises of another *[for a purpose connected with the (owner's) (occupant's) business][for a purpose connected with an activity which the (owner) (occupant) (carries on) (permits to be carried on) on the premises][for a purpose mutually beneficial to [himself][herself] and the (owner) (occupant)][and][by the invitation of the (owner) (occupant)]*. [The invitation may be express or may be implied from the circumstances under which the person enters the premises.]
>
> ***
>
> (C) The *[owner][occupant]* of property [has a duty to use ordinary care to maintain the premises in a reasonably safe condition for an invitee] [owes an invitee a duty to use ordinary care for *[his][her]* safety]. [No such duty exists, however, if the *(activity upon)(or)(condition of)* the premises which creates the danger was known by or obvious to an invitee (unless the *(owner)(occupant)* should reasonably anticipate    that    the    invitee    would    be    exposed    to    the    danger despite *[his][her]* knowledge of it or its obvious nature).]

AMI, Civil 1107.

Under Arkansas law, as set forth under Arkansas Model Jury Instruction, Civil 1107,

Forrester would be considered an invitee on the Gibbens Defendants' property because he was

invited onto the premises by the owners to build a fence, a purpose that benefited the Gibbens

Defendants and Forrester.  As an invitee, the Gibbens Defendants owed Forrester a duty of

ordinary care to maintain the premises in a "reasonably safe condition."  No duty existed for the

Gibbens Defendants if the condition of the premises which created the danger was known by or

obvious to Forrester.

Forrester pleads in his complaint that there was no signage on the property indicating that there was a danger of high voltage. Further, Forrester claims that he received no warning from the One Call Center of high voltage on the property. Therefore, at this stage of the proceeding, based on Forrester's complaint it appears that neither of the exceptions apply that would relieve the Gibbens Defendants of their duty. For these reasons, Entergy has failed to meet the standard to establish improper joinder because Entergy has failed to establish that Forrester has "no reasonable basis in fact and law" for a claim against the Gibbens Defendants. *See Filla*, 336 F.3d at 810.

Entergy contends that, under *Gann v. Parker*, to recover for failure to use ordinary care, the business invitee must show that the premises were defective, the defect was created by the homeowner, was apparent to the homeowner, or would have been apparent to one exercising ordinary care and that the defect caused the injury. 865 S.W.2d 282, 284 (Ark. 1993). Entergy argues that Forrester's claim against the Gibbens Defendants is fraudulent because Forrester does not claim that the Gibbens Defendants created the defect by removing the markings on the property or assert that the defect was known to the Gibbens Defendants (Dkt. No. 12, at 5). According to the Arkansas Supreme Court's opinion in *Gann*, however, Forrester may also state a claim against the Gibbens Defendants by establishing that the high voltage line would have been apparent to a reasonable homeowner exercising ordinary care. At this stage in the proceedings, Forrester has a reasonable basis in fact and law to assert such a claim against the Gibbens Defendants.

Because there is a reasonable basis in fact and law for Forrester to maintain a claim against the Gibbens Defendants, the Court grants Forrester's motion to remand the case to state court (Dkt. No. 10).

### IV.    Attorney's Fees And Costs

Forrester seeks an award of attorney's fees and costs that he has incurred for bringing his motion to remand.  The statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court declines to find that Entergy lacked an objectively reasonable basis for seeking removal, and Forrester has not demonstrated unusual circumstances in this case.  Therefore, the Court denies Forrester's motion to remand to the extent that it seeks an award for attorney's fees and costs

### V.    Conclusion

The Court grants Forrester's motion to remand the case to state court but denies Forrester's motion to the extent that he seeks an award for attorney's fees and costs (Dkt. No. 10).  The Court also denies as moot Forrester's pending motion to stay (Dkt. No. 17).

It is so ordered this 4th day of March, 2026.

Kristine G. Baker
Chief United States District Judge